JS 44 (Rev. 08/16 RI)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Penn-America Insurance Company

### DEFENDANTS
Charley's Place, Inc. and Charles Dichiaro, Sr.

**(b)** County of Residence of First Listed Plaintiff: Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Providence County, RI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul S. Callaghan, Esquire, Higgins, Cavanagh & Cooney, LLP, 10 Dorrance Street, Suite 400, Providence, RI 02903. (401) 272-3500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C Section 1332

Brief description of cause:
Declaratory Judgment action involving coverage under a CGL insurance policy.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/05/2017

SIGNATURE OF ATTORNEY OF RECORD: /s/ Paul S. Callaghan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 08/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PENN-AMERICA INSURANCE COMPANY,  )
    Plaintiff,                                                    )
                                                                           )
V.                                                                             )   C.A. No.
                                                                           )
CHARLEY'S PLACE, INC. and                          )
CHARLES DICHIARO, SR.,                              )
    Defendants.                                                )

## COMPLAINT FOR DECLARATORY JUDGMENT

### Parties

1. Plaintiff Penn-America Insurance Company (hereinafter "Penn-America") is an insurance company authorized to do business in the State of Rhode Island with its principal place of business located in Lower Merion Township, Montgomery County, Commonwealth of Pennsylvania.

2. Defendant Charley's Place, Inc. (hereinafter "Charley's Place") is a Rhode Island corporation with its principal place of business in the City of Woonsocket, State of Rhode Island.

3. At all times relevant hereto, Charley's Place owned and operated the bar known as "Charley's Place" located at 158 First Avenue in the City of Woonsocket, State of Rhode Island (hereinafter the "Premises").

4. Defendant Charles DiChiaro, Sr. (hereinafter "Mr. DiChiaro") is an individual who, upon information and belief, resides in the City of Woonsocket, State of Rhode Island.

5. At all times relevant hereto, Mr. DiChiaro was the President of Charley's Place.

### Preliminary Allegations

6. Upon information and belief, on or about April 18, 2014 at approximately 10:30 p.m., Robert Gordon (hereinafter "Mr. Gordon") and Alan Klemanchuck (hereinafter "Mr. Klemanchuck") were involved in a physical altercation at or near the Premises.

7. Upon information and belief, as a result of the bodily injuries that Mr. Gordon sustained in the physical altercation referenced in paragraph 6, above, he died on April 20, 2014.

1

8. Upon information and belief, Mr. Gordon and/or Mr. Klemanchuck had been patrons of the bar located at the Premises prior to the physical altercation that resulted in Mr. Gordon's death.

9. On or about January 30, 2017, Roland V. Gordon, in his capacity as Administrator of the Estate of Robert Gordon, commenced a civil action in Providence County Superior Court bearing the caption Estate of Robert Gordon v. Charley's Place, Inc. d/b/a Charley's Place, et al. and the civil action number PC-2017-0516 (hereinafter "Underlying Action").

10. Charley's Place and Mr. DiChiaro both are named as defendants in the Underlying Action.

11. The Complaint in the Underlying Action alleges that, on or about April 18, 2014, Mr. Gordon was a patron at the bar located at the Premises.

12. The Complaint in the Underlying Action further alleges that Charley's Place and Mr. DiChiaro negligently provided security at the bar, were negligent based upon a premises liability theory, and were negligent in forcing Mr. Gordon out of the bar when they knew or should have known that his assailant, Mr. Klemanchuck, was "after him" at the time that he was forced to leave the bar.

13. The Complaint in the Underlying Action further alleges that Mr. Klemanchuck first threatened Mr. Gordon inside the bar located at the Premises and then physically "assaulted and killed" him "on the sidewalk outside of the bar."

14. The Complaint in the Underlying Action further alleges that, as a direct and proximate result of the negligence of Charley's Place and Mr. DiChiaro as described therein, Mr. Gordon was killed by Mr. Klemanchuck.

15. The Complaint in the Underlying Action further alleges that by reason of Mr. Gordon's death, his beneficiaries have suffered damages as set forth in R.I.G.L. 1956 §§10-7-1 et seq. and 10-7-1.1.

16. The Complaint in the Underlying Action further alleges that Mr. Gordon suffered severe injuries, extreme pain and suffering, and ultimately died, and that damages are recoverable by his Estate pursuant to R.I.G.L. 1956 §10-7-5.

17. On or about May 5, 2013, Penn-America issued a commercial general liability policy bearing policy number PAC7023960 (hereinafter the "Penn-America Policy").

18. The Declarations for the Penn-America Policy identify Charley's Place and Mr. DiChiaro as the "Named Insureds."

19. The Declarations for the Penn-America Policy identify the "Mailing Address" for the policy as 158 First Avenue, Woonsocket, Rhode Island (the Premises).

20. The Declarations for the Penn-America Policy identify the "Policy Period" as May 5, 2013 to May 5, 2014 at 12:01 a.m.

21. The Penn-America Policy was in full force and effect at the time of the physical altercation between Mr. Gordon and Mr. Klemanchuck on April 18, 2014 that occurred at or near the Premises.

22. Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, of the Penn-America Policy provides, in pertinent part, as follows:

   1. Insuring Agreement

      A. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

         1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

         2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

      B. This insurance applies to "bodily injury" and "property damage" only if:

         1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

3

23. The Penn-America Policy further provides that the words "you" and "your" refer to the Named Insured shown on the declarations page, as well as any other person or organization qualifying as a Named Insured under the Penn-America Policy.

24. The Penn-America Policy further provides that the words "we," "us," and "our" refer to the company providing insurance, Penn-America.

25. Section V – Definitions of the Penn-America Policy defines the term "bodily injury" to mean "bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time."

26. Section V – Definitions of the Penn-America Policy defines the word "occurrence" to mean "an accident including continuous or repeated exposure to substantially the same general harmful conditions."

27. The Penn-America Policy contains a Liquor Liability Exclusion Endorsement which excludes coverage for:

> C. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> > 1) Causing or contributing to the intoxication of any person.
> >
> > 2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
> >
> > 3) Any statute, ordinance, or regulation relating to the sale, gift, distribution, or use of alcoholic beverages."

28. The Penn-America Policy also contains an Assault or Battery General Liability Exclusion Endorsement that provides, in pertinent part, as follows:

> In consideration of the premium charge, it is understood and agreed that this insurance does not apply to liability for damages because of "bodily injury," "property damage," "personal and advertising injury," medical expenses arising out of an "assault," "battery," or "physical altercation" that occurs in, on, near, or away from an insured's premises:
>
> > 1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons, or other persons in, on, near, or away from an insured's premises, or

2) Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition, or

3) Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, failure to warn of the "assault," "battery," or "physical altercation," including, but not limited to, negligent hiring, training, and/or supervision.

4) Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

DEFINITIONS

For the purposes of this endorsement:

"Assault" means any attempt or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of such injury.

"Battery" means the intentional or reckless physical contact with or use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected. The use of force includes but is not limited to the use of a weapon.

"Physical altercation" means a dispute between individuals in which one or more persons sustain bodily injury arising out of the dispute.

29. Penn-America now seeks a Declaratory Judgment pursuant to R.I.G.L. 1956 §9-30-1, et seq. and/or 28 U.S.C. §2201, declaring that Penn-America has no duty to defend or indemnify Charley's Place or Mr. DiChiaro pursuant to the Penn-America Policy for the claims asserted against Charley's Place and Mr. DiChiaro in the Underlying Action and any claims arising out of the incident or events that occurred on April 18, 2014 that allegedly resulted in Mr. Gordon's death on April 20, 2014.

30. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

### Count I – Duty to Defend

31. Penn-America hereby incorporates by reference the allegations contained in paragraphs 1 – 28 of this Complaint as if fully set forth herein.

32. Pursuant to the terms and conditions of the Penn-America Policy, Penn-America has no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which the Penn-America Policy does not apply.

33. The Penn-America Policy does not apply to liability for "bodily injury" arising out of an "assault," "battery," or "physical altercation" that occurs in, on, near, or away from the insured's premises, whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the insured's employees, patrons, or other persons, in, on, near, or away from the insured's premises.

34. The Penn-America Policy also does not apply to liability for "bodily injury" arising out of an "assault," "battery," or "physical altercation" that occurs in, on, near, or away from the insured's premises, whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition.

35. The Penn-America Policy also does not apply to liability for "bodily injury" arising out of an "assault," "battery," or "physical altercation" that occurs in, on, near, or away from the insured's premises, whether or not caused by the insured's act or omission in connection with the prevention, suppression, failure to warn of the "assault," "battery," or "physical altercation," including, but not limited to, negligent hiring, training, or supervision.

36. The Penn-America Policy also does not apply to liability for "bodily injury" arising out of an "assault," "battery," or "physical altercation" that occurs in, on, near, or away from the insured's premises, whether or not caused by or arising out of negligent, reckless, or wanton conduct by the insured, or the insured's employees, patrons, or other persons.

37. Penn-America has no duty to defend Charley's Place or Mr. DiChiaro in connection with the claims asserted in the Underlying Action because all of said claims against Charley's Place and Mr. DiChiaro arise out of "bodily injury" to Mr. Gordon caused by an "assault," "battery," or "physical altercation" that occurred on April 18, 2014 on, near, or away from the Insured's Premises.

WHEREFORE, Penn-America requests that a judgment enter declaring that it has no duty to defend Charley's Place or Mr. DiChiaro pursuant to the Penn-America Policy for the claims asserted in the Underlying Action and any claims arising out of the incident or events that occurred on April 18, 2014 that allegedly resulted in Mr. Gordon's death on April 20, 2014.

### Count II – Duty to Indemnify

38. Penn-America hereby incorporates by reference the allegations contained in paragraphs 1 – 35 of this Complaint as if fully set forth herein.

39. The Penn-America Policy provides that Penn-America will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to which the Penn-America Policy applies.

40. Penn-America has no obligation to pay any sum that Charley's Place or Mr. DiChiaro may become legally obligated to pay as damages in the Underlying Action because the Underlying Action seeks damages for "bodily injury" to which the Penn-America Policy does not apply—namely, "bodily injury" to Mr. Gordon caused by an excluded "assault," "battery," or "physical altercation."

WHEREFORE, Penn-America requests that a judgment enter declaring that it has no duty to indemnify Charley's Place or Mr. DiChiaro pursuant to the Penn-America Policy for the claims asserted in the Underlying Action and any claims arising out of the incident or events that occurred on April 18, 2014 that allegedly resulted in Mr. Gordon's death on April 20, 2014.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff,

Penn-America Insurance Company,
By its Attorney,

*/s/ Paul S. Callaghan*
Paul S. Callaghan / #4931
Higgins, Cavanagh & Cooney, LLP
10 Dorrance Street, Suite 400
Providence, RI 02903
(401) 272-3500
(401) 273-8780
pcallaghan@hcc-law.com